UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICHOLAS ALVARADO,

     Petitioner,

v.                          CASE NO. 8:10-cv-1365-T-23TGW

SECRETARY, Department of Corrections,

     Respondent.

_____/

**O R D E R**

Nicholas Alvarado petitions for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his two state convictions for trafficking in methamphetamine and possession of paraphernalia, for which he serves nineteen years imprisonment. Alvarado alleges one ground of ineffective assistance of trial counsel and several grounds of trial court error. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 11)

## I.  EXHAUSTION AND PROCEDURAL BAR

**Grounds Three, Four, and Five**

In ground three Alvarado contends that the trial judge committed fundamental error and violated Alvarado's right to due process by replacing the word "charge" with the word "knowledge" in the standard jury instruction for trafficking in a controlled substance. Alvarado argues that the allegedly erroneous instruction

relieved the prosecution of its burden of proving an essential element of the charge. In ground four Alvarado alleges a due process violation resulting from an allegedly incomplete jury instruction on the lesser-included offenses of (1) possession with intent to sell amphetamine and (2) possession of amphetamine.[1]  In ground five Alvarado contends that the cumulative effect of the erroneous jury instructions constituted fundamental error, depriving him of due process.

Alvarado presented each ground to the state court in his amended Rule 3.850 motion alleging only fundamental error under state law.[2]  His failure to present to the

---

[1] The trafficking instruction includes a definition of constructive possession:

> Constructive possession means the thing is in a place over which a person has control or in which the person has concealed it. **If a thing is in a place over which the person does not have control, in order to establish constructive possession the state must prove the person's controlling over the thing, knowledge that the thing was within the person's presence, and knowledge of the illicit nature of the thing.**

(Respondent's Exhibit 30, Vol. II, p. 135) (emphasis added) Alvarado argues that the trial judge committed fundamental error by omitting from the instructions on the two lesser-included offenses the highlighted language in the trafficking instruction.

[2] The state post-conviction court rejected each ground for a procedural reason and alternatively rejected each ground on the merits:

> Defendant claims . . . that the jury instruction used to instruct the jury on the definition of "possession" was erroneous, that the jury instructions provided by the court to instruct the jury as to the definition of "constructive possession" contained error in that the definition recited on one of the two instances when such an instruction was given was incomplete, and . . . that the cumulative effect of errors within the jury instructions deprived Defendant of a fair trial. Claims alleging that jury instructions were in error are not subject to appeal unless there was a contemporaneous objection made or the issue involves fundamental error. *Forcier v. State*, 133 So. 2d 336 (Fla. So. 2d 1961). There were no contemporaneous objections made. Further, the court finds that there is no fundamental error

(continued...)

- 2 -

state court a federal due process claim challenging a jury instruction renders each due process claim unexhausted. Before a federal court may grant habeas relief, a federal habeas petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (C). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (citations omitted)). To exhaust a claim, a petitioner must present the state court with the particular legal basis for relief in addition to the facts supporting the claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner

---

[2](...continued)

alleged in Defendant's claim, as jury instructions delivered by a court do not need to be identical with the standard jury instructions. *Bryan v. State*, 287 So. 2d 73 (Fla. 1973); *Burcham v. State*, 338 So. 2d 1138 (Fla. 2d DCA 1976); *Davis v. State*, 371 So. 2d 721 (Fla. 1st DCA 1979); *Waters v. State*, 298 So. 2d 208 (Fla. 2d DCA 1974). The court notes that no request was made at the time of Defendant's trial for any jury instructions in addition to th[ose] already given. The court finds that the jury instructions given were sufficient to inform the jury of the charges against Defendant.

Accordingly, it is therefore ORDERED AND ADJUDGED that Defendant's Motion for Post-conviction Relief is DENIED as to [these] claim[s] . . . .

(Respondent's Exhibit 11, p. 2) (court's record citations omitted)

'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its prisoners' federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief.  *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement that a federal habeas corpus petitioner exhaust available state court remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court, alerting that court to the federal nature of the claim.  28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971).  A petitioner must "do more than scatter some makeshift needles in the haystack of the state court record."  *McNair v. Campbell*, 416 F.3d 1291, 1302-03 (11th Cir. 2005) (quotations and citations omitted).  A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or by simply labeling the claim 'federal.'"  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

In his amended Rule 3.850 motion Alvarado failed to alert the state post-conviction court to a federal, substantive due process claim.  *See Anderson v. Harless*, 459 U.S. 4, 5-6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.").  Alvarado's failure to present to the state post-conviction court

the federal component of either ground three, ground four, or ground five deprived the state court of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845. Consequently, the exhaustion requirement remains unsatisfied, *Henry*, 513 U.S. at 365, and renders ground three, ground four, and ground five procedurally defaulted.

Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that the errors actually and substantially disadvantaged him and infected the entire trial with error of constitutional dimension. *United States v. Frady*, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. *Henderson*, 353 F.3d at 892.

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a

fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

Alvarado fails to demonstrate cause and prejudice excusing the default of his federal claims. *Carpenter*, 529 U.S. at 451; *Carrier*, 477 U.S. at 495-96. He neither alleges nor shows that the fundamental miscarriage of justice exception applies. *Henderson*, 353 F.3d at 892. Because Alvarado fails to proffer specific facts showing an exception to procedural default, ground three, ground four, and ground five are procedurally barred from federal review.

## II.  **MERITS**

Alvarado's two remaining grounds are exhausted and entitled to review on the merits.

### STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly

deferential standard for federal court review of a state court adjudication, states in

pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court

interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States" or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693. A federal court must afford due deference to a state court's decision. "AEDPA prevents defendants – and federal courts – from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010). *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for

evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion, the state appellate court on direct appeal affirmed Alvarado's convictions and sentences. (Respondent's Exhibit 6) The state appellate court's *per curiam* affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398. Alvarado bears the burden of overcoming by clear and convincing evidence a state court factual determination. "[A] determination of a

factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state court's rejection of Alvarado's post-conviction claims warrants deference in this case.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Alvarado claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Alvarado must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Alvarado must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690-91. Alvarado cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

Alvarado must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance

of counsel is very difficult because "[t]he standards created by *Strickland* and §

2254(d) are both 'highly deferential,' and when the two apply in tandem, review is

'doubly' so." *Richter*, 131 S. Ct. at 788. *See also Pinholster*, 131 S. Ct. at 1410 (A

petitioner must overcome this "'doubly deferential' standard of *Strickland* and the

AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011)

("Double deference is doubly difficult for a petitioner to overcome, and it will be a

rare case in which an ineffective assistance of counsel claim that was denied on the

merits in state court is found to merit relief in a federal habeas proceeding.").

**Ground One**

Alvarado contends that his trial counsel rendered ineffective assistance by not

consulting with Alvarado before trial about the content of Alvarado's trial testimony,

specifically his testimony about both his prior convictions and his prior encounters

with law enforcement.  Alvarado argues that counsel performed deficiently by

"opening the door" with "broad, open-ended questioning that [lead] to the erroneous

admission of [Alvarado]'s uncharged bad acts."[3]  Alvarado further claims that trial

---

[3] Deputy Debra Vorhies Hollingsworth and Detective Anthony Scheipsmeier participated in
an undercover drug investigation.  Deputy Hollingsworth, equipped with an audio surveillance
monitor, met Alvarado who agreed to sell her methamphetamine. (Respondent's Exhibit 30, Vol. II,
pp. 39-45) Alvarado had Deputy Hollingsworth drive him to a gas station where he acquired the
drugs that he sold to Deputy Hollingsworth. Detective Scheipsmeier was in an unmarked police
surveillance vehicle monitoring the drug transaction. Detective Scheipsmeier testified that he knew
Alvarado had conversations with him in the past, recognized Alvarado's voice on the surveillance
monitor during the controlled drug sale, and recognized Alvarado in Detective Hollingsworth's
vehicle when she drove by Detective Scheipsmeier's unmarked surveillance vehicle.  (Respondent's
Exhibit 30, Vol. II, pp. 13-15, 21-23, 36-37)

Alvarado claims that, in response to counsel's question on re-direct examination about an
earlier unrelated conversation between Alvarado and Detective Scheipsmeier, "the jury heard from
(continued...)

counsel's failure to consult with him about his testimony left him "completely unprepared and unaware of counsel's pursued line of defense." (Doc. 1, p. 4) Alvarado alleges that trial counsel's deficient performance prejudiced him by (1) disclosing to the jury Alvarado's prior arrest for trafficking in methamphetamine and (2) enhancing the inference that Detective Scheipsmeier was able to recognize Alvarado's voice.

The allegations in ground one are a combination of the allegations in claims three, four, and five of Alvarado's Rule 3.850 motion. (Respondent's Exhibit 8, pp. 9-20) The state post-conviction court summarily denied claim three[4] and

---

[3](...continued)
[Alvarado] himself that he had a previous arrest for drug trafficking." (Doc. 1, p. 4) The record does not support this allegation. Alvarado testified:

> Q:    The times you talked to Detective Scheipsmeier, how long ago was that?
>
> A:    Last year, I talked to him last year. Me and my brother were heading south on 17, we were going to Arcadia, we got pulled over by him. Then *my brother* got arrested that day for possession of meth[amphetamine], and that was the only time I talked to him.

(Respondent's Exhibit 30, Vol. II, p. 119) (emphasis added)

[4] The state post-conviction court concluded:

> Defendant claims that Defendant's counsel "opened the door" to his client's prior bad acts by asking witness Scheipsmeier how many times he had met Defendant prior to the incident for which he was arrested. A review of the transcript of Defendant's trial shows that this question was not followed by any further inquiry into Defendant's past record. Defendant has failed to show that this act constituted deficient performance or that any prejudice to Defendant's case resulted therefrom. The court finds that Defendant's claim in this regard (claim number 3) merits denial.

(Respondent's Exhibit 9, p. 2)

conducted an evidentiary hearing on claims four and five.  Alvarado testified at the

hearing that he and trial counsel discussed Alvarado's testifying at trial but that

counsel did not tell him either what questions he would ask or that he would inquire

of Alvarado about his convictions.

Trial counsel testified that he advised Alvarado that, if he elected to testify, his

record "would come into play."  (Respondent's Exhibit 13, p. 30)  Trial counsel

testified that he spoke with Alvarado before trial about Alvarado's potential

testimony but did not discuss his testimony with him during the trial itself.

(Respondent's Exhibit 13, pp. 33-35)

The state post-conviction court orally denied claims four and five of the Rule

3.850 motion at the conclusion of the evidentiary hearing:

> Okay. As to count . . . or items . . . four and five, I'm going to
> deny the motion.
>
> . . . .
>
> As to [the] failure to consult with his client with the questions
> to be asked and fail[ure] to inform his client of consequences
> and detrimental ramifications of prior convictions, I think the
> testimony of [trial counsel] . . . is more credible than the
> testimony of the Defendant.
>
> And that with regards specifically to bringing out his prior
> criminal activity, that Mr. Alvarado did that when asked a
> ["w]hen["] question, answered the question with an
> explanation of the circumstances.
>
> And that with regard to the prior criminal history, [trial
> counsel] did what is commonly referred to as anticipatory
> rehabilitation. And that is to rehabilitate the client before the
> client is impeached with the prior conviction.

> As to numbers . . . four and five, those are denied on primarily
> factual grounds.  Except that the anticipatory rehabilitation is a
> matter of strategy, which is a very common and state of the art
> strategy for criminal defense attorneys.

(Respondent's Exhibit 13, pp. 46-47)

In denying relief on this ground of ineffective assistance of trial counsel, the

state post-conviction court found counsel's testimony more credible than Alvarado's

testimony.  The state court's credibility determination is presumed correct.  *See*

*Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state

court's credibility determination and thus credit [the attorney's] testimony over" the

petitioner's.), *cert. denied*, 526 U.S. 1047 (1999); *Devier v. Zant*, 3 F.3d 1445, 1456

(11th Cir. 1993) ("Findings by the state court concerning historical facts and

assessments of witness credibility are . . . entitled to the same presumption accorded

findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513 U.S. 1161 (1995).

Relying only upon his unsupported contention, Alvarado fails to overcome the

presumption of correctness by clear and convincing evidence.  28 U.S.C.

§ 2254(e)(1).

Alternatively, the state post-conviction court correctly determined that

counsel's decision to question Alvarado about his convictions was a reasonable

strategy.  In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong

presumption' that counsel's performance was reasonable and that counsel made all

significant decisions in the exercise of reasonable professional judgment.'"  *Chandler*,

218 F.3d at 1314.  "The inquiry into whether a lawyer has provided effective

- 16 -

assistance is an objective one:  a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take."  *Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002).  Trial counsel must decide which strategic and tactical option to pursue.  *See e.g., Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision . . . appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it.'").  A habeas petitioner must overcome a presumption that the challenged conduct of one's counsel was a matter of strategy.  *Strickland*, 466 U.S. at 689; *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  A defendant's disagreement with counsel's tactics or strategy will not support a claim of ineffective assistance of counsel.

Alvarado fails to overcome the presumption that trial counsel's decision to acknowledge Alvarado's convictions on direct examination was anything other than trial strategy.  Alvarado fails to show that the jury would have acquitted him if counsel had not questioned him about the convictions but instead waited for the prosecutor to elicit on cross-examination whether Alvarado had convictions.  Absent a showing of prejudice, ground one warrants no federal habeas relief because *Strickland's* requirements remain unsatisfied.  Alvarado fails to meet his burden of proving that the state court unreasonably applied *Strickland* or unreasonably determined the facts in rejecting this ground.  *See* 28 U.S.C. § 2254(d).

**Ground Two**

An information charged Alvarado with trafficking in amphetamine or

methamphetamine[5] "by selling, delivering, or being in actual or constructive

possession of" the drug.  (Respondent's Exhibit 30, Vol. I, p. 9)  The trial judge

instructed the jury, in relevant part:

> Before you can find the defendant guilty of trafficking in
> methamphetamine, the state must prove the following four
> elements beyond a reasonable doubt:
>
> > 1. Defendant knowingly sold, purchased,
> > manufactured, delivered and/or possessed a
> > certain substance.
> >
> > 2. The substance was amphetamine or
> > methamphetamine.

(Respondent's Exhibit 30, Vol. II, pp. 133-34)  Alvarado contends that the trial judge

erred by including in the trafficking instruction "the additional statutory alternatives

of trafficking by purchase and manufacture, which were not charged [in the

information]," resulting in a due process violation.  (Doc. 1, p. 7)

Although Alvarado presented this claim to the state post-conviction court as a

substantive due process claim, the state post-conviction court treated the claim as

alleging ineffective assistance of trial counsel for not objecting to the trafficking

---

[5] Count one of the information charged Alvarado with trafficking "14 grams or more of
amphetamine or methamphetamine . . . ." (Respondent's Exhibit 30, Vol. I, p. 9) The verdict form
shows that the jury found Alvarado "guilty of trafficking in amphetamine and/or
methamphetamine." (Respondent's Exhibit 30, Vol. I, p. 17) Testimony adduced at trial shows that
the substance Alvarado sold to Deputy Hollingsworth tested positive for methamphetamine.
(Respondent's Exhibit 30, Vol. II, p. 17)

instruction.  Following an evidentiary hearing, the state post-conviction court

rejected the claim:

> [T]he Defendant contends counsel was ineffective for failing to
> object to a jury instruction which included elements of the
> crime not charged in the information. Specifically, that the
> Defendant was charged by information with Trafficking in
> Amphetamine by selling, delivering, or being in actual or
> constructive possession. The trial court instructed the jury on
> [the] additional elements of purchase or manufacture. At the
> evidentiary hearing, trial counsel . . . admitted he did not object
> to the jury instruction.[6]

---

[6] Trial counsel testified at the hearing:

> Q:  Specifically addressing [the] . . . jury instruction, which
> apparently was read out with additional acts. You didn't file
> anything to set aside, set aside a conviction based on the fact
> of the jury instructions?

> A:  No, sir. Quite frankly, I didn't, I mean, if you have case law. If I
> should have, I don't know.

> Q:  There's nothing against you for doing it. I'm just saying there was no
> preservation of that issue for the appellate courts?

> A:  No. There was no evidence presented as to his other — it was a
> standard jury instruction. There was absolutely no evidence in the
> record about manufacture or any of the other elements that w[ere]
> read [i]n the instruction as far as —

> Q:  Purchase.

> A:  — purchasing, packaging, manufacturing. None of those things were
> in evidence so I didn't really believe that they were prejudicial to Mr.
> Alvarado.

> Q:  Okay. But you didn't object to it?

> A:  No, I did not.

> Q:  Okay. And there was no subsequent motion filed after that to
> preserve it for appellate review?

> A:  That's correct.

(Respondent's Exhibit 13, pp. 39-40)

However, before a defendant can prevail on a claim
of ineffective assistance of counsel, he must demonstrate that
(1) counsel's performance was deficient and (2) there is a
reasonable probability that the outcome of the proceeding
would have been different. *Strickland v. Washington*, 466 U.S.
668 (1984). The record reflects the jury instruction given for the
charge of trafficking in methamphetamine read, in pertinent
part, as follows:

> The Defendant knowingly sold, purchased,
> manufactured, delivered and/or possessed a
> certain substance.

The jury found Defendant guilty of trafficking in
methamphetamine. Because no evidence was introduced
regarding Defendant purchasing or manufacturing
methamphetamine, there is not a reasonable probability that the
outcome of the proceeding would have been different had the
jury instructions not contained . . . ["]purchase["] or
["]manufacture.["] The court finds *Weaver v. State*, 916 So. 2d
895 (Fla. 2d DCA 2005) is distinguishable in that *Weaver* is a
case involving a direct appeal and fundamental error rather
than a collateral attack. The record here reveals Defendant did,
in fact, appeal his judgment and sentence and the Second
District Court of Appeal *per curiam affirmed* with the mandate
issuing July 11, 2003.

Additionally, the court in *Weaver* has certified the following
question to the Florida Supreme Court: "Does a trial court
commit fundamental error when it instructs a jury regarding
both "bodily harm" battery on a law enforcement officer and
"intentional touching" battery on a law enforcement officer
when the information charged only one form of the crime and
no evidence was presented nor argument made regarding the
alternative form[?]"

Furthermore, this court agrees with the dicta in *Weaver* that it is
"improbable, to say the least, that the jury convicted Gregory
Weaver based solely upon the alternative provided in the jury
instruction without any evidence to support that alternative."
*Id*. at 897. Likewise here, it is improbable that the jury
convicted Defendant based solely upon the extra wording
regarding "purchased" and "manufactured" in the jury
instruction where no evidence was produced at trial in support
of same. The court agrees with and adopts and incorporates the

> State's response filed March 23, 2006, herein. Accordingly, the
> court finds the second prong of *Strickland*, *supra*, has not been
> met and Defendant is not entitled to relief.

(Respondent's Exhibit 14, pp. 1-2) (court's record citations omitted)

Treating ground two as a due process claim, Alvarado is not entitled to relief. If a jury instruction correctly states the law, the instruction does not deprive a petitioner of due process. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) ("[T]he fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."). The only question is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72. *See also Agan v. Vaughn*, 119 F.3d 1538, 1545 (11th Cir. 1997), *cert. denied*, 523 U.S. 1023 (1998) ("A defendant's right to due process is not violated unless an erroneous instruction, when viewed in light of the entire trial, was so misleading as to make the trial unfair.").

The evidence adduced at trial detailed Alvarado's selling methamphetamine to an undercover police officer in a hand-to-hand sale. Alvarado presents no evidence demonstrating that the trafficking instruction, standing alone, vitiated the entire trial. Consequently, Alvarado fails to establish a federal due process violation.

Treating ground two as a claim of ineffective assistance of trial counsel, Alvarado likewise cannot obtain relief. To prove ineffective assistance of counsel for not objecting to a jury instruction, Alvarado must show that (1) the instruction was improper, (2) a reasonably competent attorney would have objected to the instruction

and (3) the failure to object prejudiced him.  *Daugherty v. Dugger*, 839 F.2d 1426, 1428

(11th Cir. 1988).  Alvarado points to no evidence in the record to support a finding

that a reasonable probability exists of a different outcome at trial had counsel

objected to the trafficking instruction.  Accordingly, Alvarado fails to establish that

the state post-conviction court's rejection of this claim was contrary to, or an

unreasonable application of, *Strickland*.  *See* 28 U.S.C. § 2254(d)(1), (2).

Accordingly, Alvarado's application for the writ of habeas corpus (Doc. 1) is

**DENIED**.  The clerk must enter a judgment against Alvarado and close this action.

## DENIAL OF BOTH A
## CERTIFICATE OF APPEALABILITY
## AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Alvarado is not entitled to a certificate of appealability  ("COA").  A prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a

substantial showing of the denial of a constitutional right."  To merit a COA,

Alvarado must show that reasonable jurists would find debatable both (1) the merits

of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d

926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would

debate either the merits of the claims or the procedural issues, Alvarado is not

entitled to a certificate of appealability and he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to proceed *in forma pauperis* on appeal is **DENIED**.  Alvarado must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 11, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE